ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

FEB - 3 2011

CLERK, U.S. DISTRICT COURT
By _____
    Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JEROME F. DEERING BEY,<br>    Petitioner, | § § § | |
| VS. | § | Civil Action No. 4:10-CV-827-Y |
| REBECCA TAMEZ, Warden,<br>FCI-Fort Worth,<br>    Respondent. | § § § § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

#### I. FINDINGS AND CONCLUSIONS

##### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

##### B. PARTIES

Petitioner Jerome F. Deering Bey, Reg. No. 38149-019, is a federal prisoner incarcerated in FCI-Fort Worth in Fort Worth, Texas.

Respondent Rebecca Tamez is Warden of FCI-Fort Worth.

## C. Procedural History

In 1997 a jury found petitioner guilty of one count of conspiracy to distribute and possess cocaine base (crack cocaine) with intent to distribute, in violation of 21 U.S.C. § 846, and one count of possession of 7.9 grams of cocaine base with the intent to deliver, in violation of 21 U.S.C. § 841(a)(1), in the United States District Court for the Northern District of Iowa, Cedar Rapids Division. *See United States v. Bey*, PACER, U.S. Party/Case Index, Criminal Docket for # 1:94-CR-21-LRR-1. The district court sentenced petitioner to a term of 360 months' imprisonment for each count, the sentences to run concurrently. Petitioner appealed his convictions and sought postconviction relief via 28 U.S.C. §2255, Rule 60(b) motion, and a motion to reduce his sentences under 18 U.S.C. § 3582(c)(2), to no avail. *Id.* Petitioner filed this federal habeas petition challenging his convictions and sentences under § 2241 in this division, where he is currently incarcerated. The government has filed a motion to dismiss the petition for lack of jurisdiction.

## D. Discussion

Petitioner argues:

> [H]is incarceration is "fundamentally unjust" and violates the Fifth and Eighth Amendment's [sic] to the U.S. Constitution. . . . Petitioner contends that in light of the development's [sic] since 1995, no reasonable juror would have found him guilty of 21 U.S.C. § 841(a)(1)(b)(B)(iii) [sic], whereas petitioner's threshold quantity amount involved 7.9 grams and this is all the evidence introduced by the government and reflected in the jury verdict. . . . Congress after extensive research by the U.S. Sentencing Commission, and other scientific and chemical data concluded that the SRA [Sentencing Reform Act] of 1986 (ACT) no longer support's the 100 to 1 ratio and thus that ratio has been invalidated due to the racial inequality of the application, and without that ratio petitioner is actually innocent of the provisions of § 841(a)(1)(b)(B)(iii) [sic]. Petitioner has demonstrated that he is actually and factually innocent of § 841(a)(1)(b)(B)(iii) [sic].

(Pet'r Mem. at 18)

Petitioner requests–

> [T]his court grant this motion seeking to vacate his conviction and sentence based upon petitioner['s] claim that he is actually innocent of the threshold quantity amounts of § 841(a)(1)(b)(B)(iii) [sic] and the 100 to 1 ratio derived and embedded in the statute through the enactment of SRA (1986), as repealed by the Fair Sentencing Act of (2010), which was design[ed] to benefit those of the suspect group who have suffered a sentence that is in direct conflict with the Equal protection clause which requires that similarly situated individuals receive the benefit of the entitlement.

(Pet'r Reply at 10)

Petitioner seems to state that he is actually innocent of the offenses because the 100 to 1 ratio[1] embodied in the sentencing guidelines for the treatment of crack cocaine, versus powder cocaine, cases has been repealed and the sentencing guidelines amended under the Fair Sentencing Act of 2010 (FSA), establishing new and higher threshold quantifies triggering statutory mandatory minimum and maximum penalties for crack cocaine offenses. The government, on the other hand, asserts the petition brought under § 2241 should be dismissed for lack of jurisdiction.

Typically, § 2241 is used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). Section 2255, on the other hand, is the primary means under which a federal prisoner may collaterally attack the legality of his conviction or sentence. *See Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Section 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence only if he can satisfy the mandates of the so-called § 2255 "savings clause." *See Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). Section 2255 provides that a prisoner may file a writ of habeas

---

[1] Under the 100 to 1 ratio, the Sentencing Commission "treated every gram of crack cocaine as the equivalent of 100 grams of powder cocaine." *Kimbrough v. United States*, 552 U.S. 85, 96 (2007).

3

corpus if a remedy by § 2255 motion is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255. To establish that a § 2255 motion is inadequate or ineffective, the prisoner must show that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena*, 243 F.3d at 904.

Claims of actual innocence have been recognized by some courts as being possible bases for review under § 2241 when § 2255's restrictions foreclose subsequent petitions. *See Kinder v. Purdy*, 222 F.3d 209, 213 (5th Cir. 2000). Toward that end, petitioner argues that he is actually innocent of the sentences imposed under the the SBA, in light of the guideline amendments for crack cocaine offenses under the FSA and the Supreme Court decisions in *Kimbrough, supra* n.1, and *Spears* v. *United States*, 555 U.S. 261 (2009), holding that a court in its discretion may vary from the 100 to 1 ratio based upon policy considerations. However, this is not the type of argument that courts have recognized may warrant review under § 2241. *See, i.e., Kinder*, 222 F.3d at 213. Neither *Spears* nor *Kimbrough* establish that petitioner was convicted of a violation that has since been found to be noncriminal.

Petitioner also argues that he is innocent because "the jury never found him guilty of the aggravating element of crack." This claim raises a *Booker* issue. In *Kimbrough*, the Supreme Court confirmed that after *Booker,* the cocaine guidelines, like all other guidelines, are advisory, and district courts are entitled to vary from the sentencing guidelines for crack cocaine and powder cocaine based on a policy disagreement with the guidelines. *Kimbrough,* 552 U.S. at 91. In *Spears*, the Supreme Court clarified its holding in *Kimbrough. Spears*, 555 U.S. at 843-44. However, like

4

*Booker*, the Supreme Court has not held *Kimbrough* or *Spears* created a new and retroactively applicable constitutional right to criminal defendants for purposes of the savings clause.

Finally, petitioner claims that the mandatory minimum sentences for crack cocaine offenses violates equal protection. This argument has been rejected by the Fifth Circuit. *See United States v. Watson*, 953 F.2d 895, 897 (5th Cir. 1992). Moreover, even after amendments to the crack cocaine sentencing guidelines, "sentencing courts remain bound by the mandatory minimum sentences prescribed [by statute]." *Kimbrough*, 552 U.S. at 107.

Additionally, it appears petitioner's argument is inapposite. The record reflects petitioner was sentenced as a career offender under the guidelines and not based on the quantity of crack cocaine he possessed.[2] Thus, even if petitioner could satisfy the requirements of the savings clause, crack cocaine sentencing guideline amendments would not apply to reduce his sentences. *United States v. Anderson*, 591 F.3d 789, 791 (5th Cir. 2009); *United States v. Dedrick*, No. 08-50673, 2010 WL 4746217, at *1 (5th Cir. Nov. 22, 2010); *United States v. Fisher*, No. 08-41284, slip copy, 2010 WL 4347750, at *1 (5th Cir. Nov. 1, 2010).

### III. RECOMMENDATION

Based on the foregoing, it is recommended that the government's motion to dismiss be granted, and petitioner's petition for writ of habeas corpus under § 2241 be dismissed for lack of jurisdiction.

---

[2]Petitioner raised the same or similar claim in the convicting court in a motion to reduce his sentences under 18 U.S.C. § 3582(c) without success, due primarily because he was sentenced under the career offender guidelines and not the 100 to 1 ratio. *United States v. Bey*, PACER, U.S. Party/Case Index, Criminal Docket for # 1:94-CR-21-LRR-1 (01/28/2004 order).

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until February 24, 2011. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until February 24, 2011, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the

United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED February 3, 2011.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE